IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT BURNS McCALL,  ) | |
| ID # 31541, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:19-CV-02063-M-BH |
| ) | |
| THE STATE OF TEXAS, et al., ) | |
| ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Complaint*, received on September 10, 2019 (doc. 7), which appears to assert additional new claims. Based on the relevant findings and applicable law, the new claims should also be **DISMISSED** with prejudice.

**I. BACKGROUND**

Robert Burns McCall (Plaintiff), an inmate in the Lamb County Jail, sued the State of Texas, the state district judge, the prosecutor, and his attorney (collectively Defendants) under 42 U.S.C. § 1983 for allegedly violating his civil rights during his 1991 prosecution for sexual assault of a child under 14. (*See* doc. 3 at 1, 3-4.)[2] He alleged that he was falsely convicted of that offense after Defendants hid the evidence that would have proven his innocence, sealed the proof, and blocked his attempts to receive copies of that proof. (*Id.* at 4.) He also claimed that the judge "coerced, intimidated and illegally sentenced [him] without evidence of guilt" to 25 years' imprisonment, after which he was civilly committed in the Texas Civil Commitment Center until he no longer demonstrated a "behavior abnormality." (*Id.* at 3-4.) On September 5,

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page numbers at the top of each page rather than the page numbers at the bottom of each filing.

2019, it was recommended that Plaintiff's complaint be summarily dismissed with prejudice because it was time-barred and sought relief against defendants who were immune, not state actors, or not individuals. (*See* doc. 6.)

On September 10, 2019, Plaintiff's "Complaint," signed on September 6, 2019, was received. (*See* doc. 7.) It alleges that he is actually innocent of the crime of which he was convicted in 1991 and for which he served a 25-year sentence, and that following his "false conviction," he was subjected to involuntary civil commitment to the Texas Civil Commitment Center for a lifetime of perpetual punishment. (*Id.* at 1.) Plaintiff blames Defendants for the "double punishment" to which he was subjected, and he claims that forensic evidence was suppressed at his trial and that *Brady* material that would have proven his innocence was sealed. (*Id.* at 2.) He also claims that his plea was involuntary and the result of ineffective assistance of counsel. (*Id.* at 3.) The complaint specifically seeks "rescission" of the conviction and review of the sufficiency of the evidence used to "unjustly" convict him. (*Id.* at 2, 6.)

## II. SECTION 1983

As noted in the original recommendation, Plaintiff seeks monetary damages under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs.*

*Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff's new claims challenge his criminal conviction and confinement. Habeas corpus provides the exclusive remedy for a state prisoner to challenge the fact or duration of his confinement, however. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (finding that a prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus) (citing *Preiser*, 411 U.S. at 487)). Release from imprisonment, or habeas relief, is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Because Plaintiff's latest filing seeks relief that may exclusively be obtained through habeas corpus, his new claims fail to state a cause of action upon which relief may be granted in this § 1983 action.[3]

### III. RECOMMENDATION

Plaintiff's new claims should also be summarily **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[3]The new complaint is not construed as a petition for a writ of habeas corpus because Plaintiff expressly brings his new claims under § 1983. (*See* doc. 7 at 1.) Moreover, he has previously challenged his conviction and civil confinement through federal petitions for writ of habeas corpus. *See McCall v. Maddox*, No. 5:19-CV-15-C (N.D. Tex. May 29, 2019); *McCall v. State of Texas*, No. 3:15-CV-2418-P (N.D. Tex. Sept. 18, 2015). He is also currently challenging his civil confinement in a pending action filed under 28 U.S.C. § 2241. *See McCall v. Mclane*, No. 5:17-CV-106-C (N.D. Tex.).

[4] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED** this 17th day of September, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4